UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RICKY D. ELLIOTT,<br><br>　　　　Defendant. | Case No. 4:24-cr-00110-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Ricky Elliott's Motion to Compel. Dkt. 46. Elliott asks the Court to compel the Government to turn over personnel files for one of the officers involved in this case. *See generally id*. The Government opposes the Motion. Dkt. 50. Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

A federal grand jury indicted Elliott on one count of possession with intent to distribute methamphetamine. Dkt. 2. Elliott filed a Motion to Suppress (Dkt. 29) which the Court denied (Dkt. 47). At the suppression hearing, Detective Ryan Anthony testified. At some point, Defense counsel heard from an attorney not associated with this case that Anthony had been "demoted." Supposing that demotion could bear on his credibility,

MEMORANDUM DECISION AND ORDER - 1

Elliott asked the Government for all *Brady* and *Giglio* information related to Anthony. The Government reached out to the Bannock County Prosecutor, who provides legal representation to the Bannock County Sheriff's Office. Unfortunately, there were delays in receiving an adequate response due to staffing shortages at the prosecutor's office and, eventually, Elliott filed the instant motion to move things along.

After additional efforts, the Government was able to learn that Anthony had *not* been demoted but had simply returned to patrol after a temporary assignment to the detective division. Dkt. 50, at 5; Dkt. 50-1.

In light of this clarification, the Government does not intend to turn anything over to Elliott and asks the Court to deny Elliott's Motion.

### III. DISCUSSION

While it appears there may have been some initial reason to discover Anthony's personnel files, that belief has been dispelled. Accordingly, the Court will not order the disclosure of any personnel records, especially where the basis for Elliott's motion was speculation based upon information learned informally.

Furthermore, while state law enforcement was involved in the underlying investigation that led to federal criminal charges, their personnel files are not *ipso facto* in the possession, custody, or control of the federal Government and cannot be compelled. *See United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992). To the extent Elliott still seeks this information, he will need to use other discovery tools.

///

///

MEMORANDUM DECISION AND ORDER - 2

## IV. ORDER

The Court **HEREBY ORDERS**:

1.  Elliott's Motion to Compel (Dkt. 46) is DENIED.

DATED: May 15, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3